RULEY, JUDGE:
On Saturday, February 17, 1979, at approximately 5:00 p.m., Robert Jarboe, his wife Patricia, and their daughter Stephanie, the claimants, were travelling south on a section of U.S. Route 119 near Hernshaw, in Kanawha County, in a 1978 model Ford pickup truck owned by Robert and being driven by Patricia. *14 They were returning to their home in Peytona from a shopping trip in Charleston when they encountered a large sheet of ice covering the entire pavement. The truck was equipped with snow tires and carried cement blocks in its bed for additional traction. Although Mrs. Jaboe, the driver, saw the ice and slowed to a speed of 30 mph, she still lost control of the truck and slid off the pavement, striking a parked car and a house. Mrs. Jarboe sustained a concussion, temporary impairment of vision, and a broken wisdom tooth in the accident. She suffered from dizziness for four months thereafter and incurred medical expenses in the sum of $837.57. Mr. Jarboe was uninjured, but his truck was a total loss, its fair market value being $4,500.00. Stephanie’s injuries required only an emergency-room examination, which amounted to an expense of $76.00.
For the Court to conclude that the accident was caused by the negligence of the respondent, it must be shown that the respondent had actual or constructive knowledge of the obviously dangerous condition of the highway and failed to take suitable action to remedy it or warn motorists of it. Mr. Jarboe testified that the same spot iced over every winter due to the fact that there was no ditch line on the upper side of the road. Water ran off the neighboring hillside, across the road, and into a creek. He also stated that he had telephoned a complaint about that spot to the respondent during the preceding winter and tha-t there were no signs posted to warn motorists of the potentially hazardous condition.
Deborah Hanning, who resides in a trailer near the accident site, testified that she had telephoned the respondent on the morning of the 17th and informed it of the presence of ice on the road. In addition, she stated that she had complained to the respondent by telephone about the same hazard many times prior to the 17th, and that there had been eight or nine accidents at'that place prior to that date.
In its defense, the respondent claimed that the road had been treated with salt and cinders the preceding night, and the temperature had dropped sharply from 36° F to 9° F in the 24 hours preceding the accident.
*15 It appears that the respondent did have actual knowledge of the dangerous condition of the highway both before and on the day of this accident, but failed to take suitable action to remedy it or to warn motorists of it. Mrs. Jarboe, however, also knew of the propensity of ice to freeze upon the highway at the place of the accident, and should have exercised greater care when approaching and traversing it. The Court finds that the negligence of the respondent was a proximate cause of the accident and the claimants’ resulting injuries and damages, but the negligence of Patricia Jarboe contributed, to the extent of 20 per cent, to cause the accident. In 7A Am. Jur.2d “Automobiles and Highway Traffic”, §753, it is stated:
“In most cases it has been held that the presence of the owner in his motor vehicle while it is being driven by a member of his family creates a rebuttable presumption or inference that he has or retains control over its operation, by virtue of which the negligence of the driver is imputable to him in an action against a third person. The fact that the owner refrains from directing the operation of the vehicle does not change his right of control, nor prevent the driver’s negligence from being imputed to him.* * *”
In view of that authority, and in view of the circumstance that it appears that Mr. and Mrs. Jarboe were engaged in a joint enterprise at the time and place of the accident, the contributory negligence of Patricia should be imputed to Robert. Of course, it cannot be imputed to Stephanie inasmuch as she was a child of tender age at the time of the accident. See 13B M.J. “Negligence”, §44.
In view of the relatively minor nature of their injuries, the Court concludes that Patricia Jarboe should receive an award of $1,300.00, diminished by 20 per cent attributable to contributory negligence, and that Stephanie should receive an award of $50.00. The award to Robert Jarboe will be $4,500.00, diminished by 20 per cent attributable to contributory negligence, plus $76.00 for medical expense incurred as a result of Stephanie’s injuries.
Award of $1,040.00 to Patricia Ann Jarboe.
*16 Award of $3,676.00 to Robert N. Jarboe.
Award of $50.00 to Robert N. Jarboe, as next friend of Stephanie Jarboe.